Lloyd Sion V. Jr. for the Plaintiff and Appellant, Linda Asencio. Mr. Romby? I'd like to split my time five and five. You reserve? Yes. You may do so, just watch the clock. I will try to do that. This case has appeared before the Ninth Circuit before it was reversed on the issue that the Business and Professions Code Section 17200 did apply and provide an additional remedy to the public policy issue in FEHA. Now we've had the vaccine cases since then, right? And the argument is an exception might lie on the basis of Richardson v. United States that if an appellate middle court, state appellate court opinion comes up that would appear to be controlling, that that should be decisive and give an opportunity to be reversed. But looking at NRA vaccine, it is not that kind of a case. It's a health and safety code issue. The health and safety code was provided by a voter referendum and placed into law in that fashion. They provided an exclusive remedy specifically in that statute, probably as a compromise in the political field. It's quite another thing when it's trying to take something from the health and safety code which, in effect, did bar the Business and Professions Code. I'm not denying that. But in this case, the Fair Employment and Housing Act, we have a Supreme Court case that says it is not an exclusive remedy. There's no piece of the statute that says it is that is to be broadly interpreted. Counsel, let me see if I understand your argument correctly. Is your argument that NRA vaccine is distinguishable because there it dealt with the unlawfulness prong, whereas here we deal with whether or not the act was unfair? Is that the distinction you're trying to draw? Well, first of all, I'm saying that this is from the health and safety code. And the history of this pattern of cases is that is there a provision in the statute that says it's exclusive or non-exclusive? Well, let me ask my question better. As I understand 17-200, the statute reads in the disjunctive, unlawful or unfair, and I forget what the third one is. It seems that what you're arguing is that if the underlying statutory violation is barred for some reason, then you cannot proceed under a 17-200 theory for an unlawful act. But what I'm asking you is, didn't we remand the last time because we thought that there might be a theory that would support your cause of action under the unfairness prong? That is correct, Your Honor. And if that's the case, then what difference does it make that a claim could not be brought under the unlawfulness prong because it is barred by statute or case law? Do you understand my question? I do, but I think the history on the ‑‑ this is a health and safety case that came in here, and it was specifically provided because there was a section in that statute that said this is the exclusive remedy. I think both under either prong, that's what I'm arguing, I would say, that this should not be applied. Now, under ‑‑ Do you want to say anything about the Caltech case and what vaccine does to Caltech? It's not Caltech, it's Celtech. Celtech, yeah. This is a peculiar case. This is involving the determination of when you take a drug off the marketplace and affecting a broad public concern that way. It's done with great care. In the FIAR case, we have strong public policy in favor of enforcing the rules against discrimination. I do not see how you can cross over on that. Either on a fairness standpoint or on a legal standpoint, both prongs apply in my judgment. Cortez made it clear also as Supreme Rojo and Cortez read together would seem to dictate the result that I don't think we should be looking to an appellate court level case to reverse. I don't think it makes logical sense that something that is not in the field of fair employment should be brought in to cancel out what is established law in the Supreme Court. Counsel, let me ask you a case that troubles me. As I understand it, the FIHA claim is barred because of the fact that you didn't obtain a timely right to sue letter, and therefore at the time your complaint was filed, you weren't authorized to bring the suit, and that's a jurisdictional bar under state law. Is that right? That is correct, and that bars the FIHA remedy under Rojo. Okay, but if the policy of the law is to provide notice to the employer before a cause of action may proceed, then what difference does it make whether the claim is brought under FIHA or some other statute or some other theory? Because as I understand it, your theory of unfairness and unlawfulness arises from the same acts by the employer directed against the employee, doesn't it? Yeah, but in Rojo the Supreme Court had exactly that case. They failed to file a FEHC, Fair Employment and Housing Act, claim, so that act was barred. But they said it is not an exclusive remedy. You have other remedies, and that case before them was a common law remedy, and that's squarely a FIHA case. Counsel, you're down to about three minutes. You may want to reserve those three. I'll reserve the three. Very good. Good morning. This is a case. Counsel, would you mind introducing yourself for the record, please? Yes, I'm Paul Cody.  Mr. Cody. Thank you. This is a case that's controlled by Erie Railroad v. Tompkins. The federal district court was sitting in diversity. As such, the court was required, as this court is, to apply the substantive law of the form state in which the court sits. But the problem is trying to determine what that law is, and that's why I was trying to explore with Mr. Owen. Can you help me in regards to the questions I asked him? Absolutely. I don't think it's that problematic to discern what the controlling law is. During the pendency of the case, the controlling law changed, or at the very least was clarified in a way which is very significant, and that's the Henry Vaccines case. But didn't that just clarify the holding in CELTEC? It extended it significantly. Certainly. First of all, unlike CELTEC, it extended the holding to a claim arising under the unlawful prong of 17200, whereas CELTEC exclusively concerned the unfairness prong of 17200. And secondly, it extended 17200 to claims brought by individuals, finding that if there's a procedural defect in a claim brought by individuals, the 17200 claim fails as well. So now it makes no difference whether you're on the unlawful prong or the unfair prong. Is that your argument? Exactly correct. And further, it clarified that if the defect in the pursuit of the statutory claim is purely a procedural one, as here, that the individual plaintiff is precluded from proceeding under either prong of 17200. In Henry Vaccines, the Superior Court, with court of appeal approval, found that the unlawful claim arising under the unlawful prong was barred because of the plaintiff's procedural errors. What if Mr. Owen B. had not relied on FEHA and had simply filed a 17200 claim standing alone, alleging that the employer's acts were unfair? Would there have been any time bar to bringing that action other than the general statute of limitation? Without the plaintiff's compliance with the procedural requirements of the FEHA, there was no right to sue letter. No mention at all of the FEHA. Suppose that she just sued one cause of action, 17200. The employer's refusal to accommodate me with a job that can handle my limitations is unfair under 17200. That claim would fail. Why? 17200 can't be exploited as a means of circumventing the statutory requirements for a claim of discrimination. It makes no difference whether the 17200 claim is tethered to a statutory claim as here, because it was alleged in the same complaint, or whether the 17200 claim is a standalone claim. If Mr. Owen B. had simply filed a 17200 claim without compliance with any of the procedural requisites of the FEHA, I believe the district court would be correct in finding that he was attempting to circumvent the FEHA by not having filed a charge, not having obtained a right to sue letter from the DFEH. Now, is that a substantive ruling, or is that a jurisdictional ruling? What's the nature of it? With respect to the 17200 claim? I'm not sure of the distinction, Your Honor, whether it's procedural or substantive. In any respect, the claim is fatal. The 17200 claim can't proceed because the predicate claim, the statutory claim, is defective. Counsel, was there any factual development in this case subsequent to the first appellate decision in the district court? Any factual development at all? Actually, Your Honor, it was a 12C motion that was granted. It was a motion for judgment of pleadings after remand. And the case was remanded. The case was somnolent for a period of time. The district court then set it on the civil active list and set it for trial. The case then proceeded with the development of the pretrial pleadings. And just a few days before trial, the court entertained our Rule 12C motion. And at that point, you know, the motions of limine have been filed. The Rule 16 papers have been filed and the like. I don't recall that there was any further discovery. The discovery cutoff had already occurred. There had been extensive discovery that had been conducted by the parties before the district court's original grant of summary judgment and before the appellate proceedings occurred. But the bottom line is that as an in-ray vaccines, the plaintiff here is merely alleging that what Miller did was unlawful. That he's relying upon, the plaintiff is relying upon the statutory claims, which have now been dismissed, to make out a 17-200 claim. And in-ray vaccines finds holds that that is an improper reliance upon 17-200. And as in in-ray vaccines, there's no allegation here that the defendant's conduct was unfair. There's no fact supporting that in the complaint. And Judge Otero was absolutely correct in the context of the 12C motion in finding that while the Ninth Circuit remanded, allowing the plaintiff to proceed under either the unlawful prong or the unfair prong, the unlawful prong was defective because of in-ray vaccines and he couldn't rely upon that. And there were no facts alleged in the complaint which supported the unfair prong. And that's exactly the same factual scenario as presented in in-ray vaccines. So is that your explanation as to how we get around the last paragraph of the memorandum disposition from the prior panel? Because I read that as basically suggesting that the plaintiff may have a theory here under one or the other prongs. Do you have that? I do, I do. Yes. The Ninth Circuit allowed the plaintiff to proceed under either prong. That was without the benefit of in-ray vaccines. In-ray vaccines plainly does away with the unlawful prong. The question then becomes what about the unfair prong? Right. And in-ray vaccines dealt with that at least implicitly in one passage. The Court noted that there were no separate facts alleged that would support the unfairness prong, that the plaintiff was simply alleging a statutory violation which was defective and using 17200 to make out what effectively was a statutory claim. Counsel, given the liberal pleading and liberal inferences that can be drawn from pleading, why is this case really different from Rojo v. Klieger, where the Supreme Court also dealt with a situation where the plaintiffs had procedurally defaulted their Feehuck claims, and yet the Court went on to hold that California had a kind of a common law tort right against sexual harassment, and therefore the plaintiffs could proceed under 17200 on that claim, on the theory that anything that violates California public policy is unfair. Why couldn't Ms. Essentia in this case say California public policy, independent of statute, prohibits discrimination against the disabled? I'm suing on that independent claim under 17200. Well, Rojo doesn't concern Section 17200 at all. Rojo merely involves a plaintiff's ability to state a common law claim for discrimination, where the plaintiff had a procedural failure in the assertion of a statutory claim for discrimination. It applies to non-statutory claims. 17200 is a statutory claim, not a non-statutory claim. The plaintiff in this instance never asserted a common law claim for discrimination. The plaintiff in this case never sought leave to amend the complaint to allege a common law claim for discrimination. The District Court was never presented with that. The District Court never entertained it, much less denied it. That issue is not before the Court today because the plaintiff never alleged a common law claim. Rojo is limited to its facts. Rojo does not concern Section 17200 in any way, form, shape, or kind. The theory undergirding Rojo was that there was a constitutional provision which preexisted the FEHA, actually it was the FEPA, and which barred discrimination on the basis of sex in employment. Article 20, Section 18 of the California Constitution, which was then recodified in Article 1, Section 8. That goes on at some length to identify certain bases for discrimination, one of which is not disability discrimination. To the extent that the California Constitution could be relied upon by a plaintiff in reliance upon Rojo to assert a common law claim for discrimination on the basis of sex or sex harassment, that does not extend to disability claims. Thank you. Counsel, your time has expired. Thank you. Mr. Ownby, you have some reserved time. I do, and thank you. I think we have to look extremely carefully at what the Court was saying in Rojo. The Court was dealing with whether it was an exclusive remedy or a non-exclusive remedy. It said the statutory history said it was a non-exclusive remedy. It was, as counsel said, based on a remedy in that particular case that was pled, which was a common law theory, or may have been looking at the constitutional provision isn't really clear, but the main thrust of it was whether it was exclusive or non-exclusive. In Ray vaccine, there is a specific statutory exclusion barring all other remedies. That does not exist here.  Again, counsel is asking us to take an appellate court decision in another statute with a specific statutory provision and apply it to the FIA case, which has a history of not only Supreme Court case finding it not exclusive remedy, but saying that business and professions code does apply to public policy cases. That is the decision in Cortez v. Perlator. So we have two Supreme Court cases that he's asking this Court to look at instead of those two Supreme Court cases to look at an appellate lower case appellate decision. Anything further, counsel? I have nothing further. Thank you. The case just argued will be submitted for decision, and the Court will hear argument next in LM v. Capistrano Unified School District. Thank you.
judges: O'scannlain, Tallman, Singleton